UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-346 (BAH) |
| : | |
| GLEN MITCHELL SIMON, : | |
| : | |
| Defendant.: | |

UNITED STATES' EXPLANATION OF POSITION AS TO
PUBLIC RELEASE OF VIDEOS DESCRIBED IN STATEMENT OF OFFENSE

The United States of America hereby requests that, at this time, this Court not publicly release the three videos described in the Statement of Offense accompanying Defendant Glen Mitchell Simon's August 6, 2021, plea agreement. The videos are not judicial records, and, even if the Court finds that the videos are judicial records, the factors set forth in *United States v. Hubbard* do not weigh in favor of releasing these videos at this time. In support of its motion, the government states as follows:

FACTUAL BACKGROUND

Defendant is charged via information with violations of 18 U.S.C. §§ 1752(a)(1) (Entering and Remaining in a Restricted Building) and (a)(2) (Disorderly and Disruptive Conduct in a Restricted Building) and 40 U.S.C. §§ 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building) and (G) (Parading, Demonstrating, or Picketing in a Capitol Building). These charges stem from the Defendant's conduct on January 6, 2021, when he participated as part of a collective mob in the attack on the U.S. Capitol by unlawfully entering the U.S. Capitol building and remaining for at least 42 minutes.

Defendant was arrested on May 5, 2021, and was released with specific conditions as set by the Court. On May 14, 2021, the Court held the first status hearing in this matter and

scheduled a second status hearing for June 25, 2021, later continued to September 24, 2021. On August 10, 2021, the government notified the Court that Defendant had accepted the government's plea offer and requested that the September 24, 2021, status hearing be converted to a change of plea hearing. On August 11, 2021, the government sent to the Court the plea documents, consisting of the plea agreement and a Statement of Offense, a factual proffer that forms the basis of the plea in the record. On the same date, the Court scheduled the change of plea hearing for August 18, 2021. After, the government discovered new evidence, warranting additional deliberation. The government shared the additional evidence with defense counsel.

On August 15, 2021, the Court ordered the government to make the video evidence described in the Statement of Offense available for the Court's review and ordered both parties to provide their positions on whether this video evidence may be made publicly available without restriction. On August 16, 2021, the government filed an unopposed motion for a continuance of the change of plea hearing based on the newly-discovered evidence. On the same date, the Court granted the motion and scheduled the change of plea hearing for October 15, 2021.

Also on August 16, 2021, the government notified the Court, via email, that it did not oppose making the videos publicly available but requested that the videos not be made publicly available until after entry of the plea. After, the Court requested that the government further explain its position in a written filing and ordered the government to file its brief by August 20, 2021. This Explanation responds to the Court's August 16, 2021, email, requesting the government further explain its position.

## ARGUMENT

The government does not oppose the eventual public release of the three videos at issue

2

but requests that the videos not be made publicly available unless and until the defendant enters a guilty plea in this case.

As the case currently stands, the three videos submitted to the Court in response to its Order directing the government to submit the videos, should not be considered judicial records in this case and, thus, the common law right of public access to judicial records does not apply. *See United States v. Hubbard*, 650 F.2d 293, 314 (D.C. Cir. 1980) (discussing "this country's common law tradition of public access to records of a judicial proceeding"). "[W]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017) (quoting *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013)). A document filed with a court that "can affect a court's decisionmaking process," "which the parties hope to influence the court," and "upon which the court must base its decision" is a judicial record. *Id*. at 666-68.

These factors do not support a finding that the videos in this case are judicial records. The government included quotations from the videos in the factual proffer, but it did not attach the videos as exhibits or attachments to the proffer. The government submitted the videos to the Court only after ordered to do so by the Court in its August 15, 2021, Minute Order; it did not proactively submit the videos in the hopes of influencing the Court. Also, the government is not requesting that the Court rely on the videos in accepting the plea, and, indeed, the Court need not rely on the videos to accept the plea. Instead, Defendant is agreeing to the factual proffer set forth in the Statement of Offense. This factual proffer forms the basis of the plea in the record and satisfies the elements of the charge to which Defendant may plead guilty. Therefore, although the Court has requested and received access to the videos, the Court's request and subsequent review

of the videos does not in and of itself convert these videos to judicial records.

If the Court requested the videos under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, because it was not satisfied that the factual proffer as submitted sufficed to show a factual basis for the plea, then the government concedes that the Court's review would convert the videos into judicial records when the plea occurs. But, before the plea, the videos are not judicial records, as there has been no judicial decision regarding the videos. *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997) (holding that if no "judicial decision . . . occurs, documents are just documents; with nothing judicial to record, there are no judicial records."). Thus, under these circumstances, the videos would become judicial records, and the common-law right of public access would attach, when the plea is entered.

Even if the Court requested the videos because it was not satisfied with the factual proffer and the Court finds that the records become judicial records immediately upon the Court's review, disclosure at this time would still not be warranted under the *Hubbard* test. When considering whether to seal or unseal judicial records, the D.C. Circuit has recognized the *Hubbard* test as its "lodestar." *Metlife*, 865 F.3d at 666. In *Hubbard*, the Court of Appeals for the District of Columbia Circuit considered the appropriateness of unsealing certain documents, thereby making such documents publicly available. *Hubbard*, 650 F.2d at 315-325. In so doing, the D.C. Circuit created the *Hubbard* test, which balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial

4

proceedings." *Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc.,* 865 F.3d at 665).

Here, the *Hubbard* factors weigh against public disclosure at this time.  There is no need for public access to the videos at issue while, due to the newly discovered evidence, the government is still deliberating this matter internally and continuing to discuss a possible resolution with Defendant.  Also, these documents have never been publicly disclosed, and the Defendant, in a filing dated August 16, 2021, objected to the public release of these videos.  Dkt. 26.  Finally, neither the government nor Defendant introduced this evidence during the judicial proceeding.  Rather, the government provided the Court access to the videos after ordered to do so by the Court.

Thus, the government respectfully requests that, at this time, the Court not publicly release the three videos that the government described in the Statement of Offense and that the government provided to the Court pursuant to the Court's August 15, 2021, Order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: /s/

LAURA E. HILL
Trial Attorney, detailed to the
District of Columbia
NV Bar No. 13894
175 N Street, NE
Washington, D.C. 20002
(202) 598-3962
Laura.E.Hill@usdoj.gov


AMY LARSON
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 252-7863
Amy.Larson@usdoj.gov