IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                               )
        v.                     )        CRIMINAL CASE NO.
                               )        1:21-CR-00346-BAH-1
GLEN MITCHELL SIMON            )

UNOPPOSED MOTION TO WITHDRAW PLEA

COMES NOW the Defendant, GLEN MITCHELL SIMON, by and through

undersigned counsel and files this motion to withdraw his plea to Count Four of the

information, which was entered on October 15, 2021.  The government does not

oppose this motion.  In support of this motion, Mr. Simon shows as follows:

1.

Mr. Simon was named in a criminal information charging him with four

misdemeanor counts. (Doc. 6).  At an arraignment held on May 12, 2021, Mr. Simon

entered a plea of not guilty as to all counts.

2.

The parties thereafter entered a plea agreement by which Mr. Simon would

plead guilty to Count Four of the information, a charge of violating 40 U.S.C.

§ 5104(e)(2)(G) by parading, demonstrating, or picketing in a Capitol building.

(Docs. 32, 33).  This Court held a plea hearing on October 15, 2021.  At that time,

Mr. Simon tendered his guilty plea pursuant to the written agreement, and the Court

accepted his plea.  A sentencing hearing was scheduled to take place on January 21, 2022.

3.

On January 8, 2022, the government filed an unopposed motion to continue the sentencing hearing, notifying the Court that it had received additional evidence relevant to Mr. Simon's conduct.  (Doc. 40).  Sentencing was rescheduled for February 18, 2022.  However, on February 8, 2022, the government filed an unopposed motion to continue sentencing and convert the hearing to a status hearing. (Doc. 42).  In this motion, the government stated that it had sent Mr. Simon a revised plea offer in light of the new evidence, and that, if Mr. Simon entered the new agreement, it would supersede the plea agreement he had previously entered.

4.

Thereafter, the parties negotiated the revised plea agreement, with the mutual understanding that, if Mr. Simon accepted the government's revised offer, he would plead guilty to Count Two, his prior plea to Count Four would be superseded, and the parties would agree to seek withdrawal of the October 15, 2021 plea.  Count Two is a charge of disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2).  On April 29, 2022, the Court held a second plea hearing, in which Mr. Simon tendered his plea to Count Two pursuant to the revised agreement, and the Court accepted his plea.  During the hearing, the Court

2

inquired about the prior plea to Count Four, and the parties both expressed their intentions that Mr. Simon be allowed to withdraw the prior plea and that the revised plea to Count Two would supersede it.

5.

Federal Rule of Criminal Procedure 11(d) addresses withdrawal of a guilty plea. The rule provides that a defendant may withdraw a plea of guilty after it is accepted by the district court but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In this case, Mr. Simon seeks to withdraw his plea to Count Four after the Court has accepted it and prior to the imposition of sentence. There is fair and just reason for the requested withdrawal, namely, Mr. Simon and the government negotiated a different resolution to his case based upon new evidence, which had not been produced prior to his earlier plea. The new evidence changed the positions of the parties, and they negotiated a revised resolution that was amenable to both parties and supported by a sufficient factual basis. Both parties entered the revised plea agreement with the understanding that Mr. Simon would seek to withdraw the earlier plea, and do not disagree that there is an appropriate reason to support the

withdrawal.  Notably, the revised plea is to a more serious charge than was the prior plea that Mr. Simon now seeks to withdraw.

6.

Counsel has conferred with Assistant United States Attorney ("AUSA") AUSA Laura Hill regarding this motion, and she has no objection to the Court allowing Mr. Simon to withdraw the original plea to Count Four.

WHEREFORE, Mr. Simon respectfully requests that the Court grant his motion and allow the withdrawal of his plea to Count Four, entered on October 15, 2021.

Dated:  This 29th day of April, 2022.

Respectfully Submitted,

*/s/ Rebecca Shepard*
Rebecca Shepard
Georgia Bar No. 780692
Attorney for Glen Simon

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Unopposed Motion to Withdraw Plea has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

> Laura Hill, Esq.
> Assistant United States Attorney
> 175 N Street, NE, 9th Floor
> Washington, DC 20002

Dated: This 29th day of April, 2022.

> /s/ Rebecca Shepard
> Rebecca Shepard
> Attorney for Mr. Simon

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Rebecca_Shepard@fd.org